The Supreme Court set aside the decree of the lower Court on May 5, 1879, in the following opinion by
Trunkey, J.
Spinney purchased the property at Sheriff’s sale for himself, James R. Cleaver and William Cleaver, each to have one-third. The Cleavers agreed in writing, October 8, 1875, to sell the whole to the plaintiffs, and Spinney made a like sale to Torrey; neither party having knowledge of the sale made by the other, and neither having authority to sell the other’s interest; only a *449 «mall portion of purchase money was paid on either contract before all parties had knowledge of the respective sales and claims ■of and to the property. The plaintiffs obtained- possession of the whole before the Sheriff had received the ■ bid or executed his ■deed, and on October 12th, tendered the amount due on their contract to Cleavers and demanded ■ title. On October 18th, they tendered to the Sheriff the sum bid, $12,050, which was refused, it had been previously paid by Spinney with money he had received from Torrey. Fraud in fact was not committed by any of the parties. The facts found by the Master, as well as those admitted in the pleadings, were not in dispute when the Court below made the decree, nor are they here; for the exceptions were not to findings of fact, nor omissions to find ; but merely to his recommendations for a decree.
The plaintiffs prayed specific performance of their contract with Cleavers. From the Master they went before the Court with facts which forbade a decree affecting Torrey’s title to one-third, and which showed Cleavers inability to make title for more than two-thirds. The Court could not grant the relief specifically asked in the first two paragraphs of the prayer. Having possession of the property, and nearly all the purchase money in their hands, possibly not bound to retain possession and accept title for two-thirds, with right to accept so much as Cleavers could convey and defalk damages, if any; no offer was made to amend their bill, nor anything put on record to show what they claimed upon a state of facts, in some respects materially different from those stated in their bill. There being neither evidence nor finding of actual damages, the Court among other things decreed a conveyance of two-thirds of the property on payment of two-thirds of the balance of purchase money; conditioned that the plaintiffs should not file their acceptance and assent within ten days, the bill should be dismissed without prejudice. No motion or suggestion appears to have been made for correction in form or for modification of the decree. We see nothing in the circumstances calling for sending the cause back for further proceedings as a matter of grace. We doubt not the Court would have made all proper orders for amendments, for ascertainment of damages, and for modification of the decree for the asking.
*450 The offer of defendants made and filed in this Court on the day of argument, cannot affect the result. In the almost universal depression of values may exist a reason why, to-day they would gladly convey the whole and receive the money. Although they stoutly resisted when they filed their answers showing cause for refusal of plaintiffs demand. While agreeing with nearly all the conclusions of the Master and Court below, we are not of opinion that the bill should have been dismissed.
The legal title vested by the Sheriff’s deed is .in Spinney. He bought and holds two-thirds for Cleavers, and -is their trustee, bound to convey to them on payment of the proportionate part of purchase money. This trust is claimed and admitted by the parties ; the plaintiffs, however, claimed it was for the whole. Spinney has executed no deed or declaration of trust to Cleavers, and the plaintiffs under their contract are interested in having record evidence of the trust. To dismiss the bill is to leave their rights in peril. This action does not appear to have been wantonly commenced, Cleavers contracted to sell the whole, when they knew they had title to only part; concede that they expected Spinney to join them in making title, yet their negligence was the cause of plaintiffs complaint. They and Spinney created an appearance of injury sufficient to justify the bill, and, if satisfied, that the plaintiffs were moved by the same spirit after the Master’s report, as when they began the suit, their costs would be allowed.
Decree reversed. And is now considered and decreed,
1. That defendant, A. P. Spinney, purchased the property described in the bill at Sheriff’s sale, in trust for himself, James It. Cleaver and William Cleaver to hold as tenants in common and that the legal title vested in him by the Sheriff’s deed is in trust for the use of James. It. Cleaver and William Cleaver, their heirs and assigns, for the undivided two-thirds of said property, they to pay two-thirds of the sum bid at Sheriff’s sale.
2. That the complainants bill, so far as relates to the defendants, J. Prank Werner and Wiliam Torrey, be dismissed and that, they recover their costs.
3. That action and decree save as to the matter of the first par *451 agraph of this decree, be without prejudice to any party or person in any other or future action or proceeding, at law or in equity.
4. That the costs, including costs of appeal, except as ordered in second paragraph, be paid one-half by the plaintiffs and the other half by defendants, James B,. and William Cleaver.